IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONCORD ENERGY LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:21-cv-00328 |
| HELLERVIK OILFIELD TECHNOLOGIES LLC, | § § § § | |
| Defendant. | § | |

**STIPULATED PROTECTIVE ORDER**

This matter comes before the Court upon Plaintiff Concord Energy LLC's ("Concord") Unopposed Motion for Entry of Stipulated Protective Order (the "Motion"). The Court, having been fully advised of the premises of the Motion, and finding good cause, orders that the Motion is GRANTED, and the Parties shall follow the procedures set forth in this Stipulated Protective Order (the "Order") with respect to the disclosure of Confidential Information.

1. Concord and Defendant Hellervik Oilfield Technologies LLC ("Hellervik") (collectively, "Parties" or individually, "Party") may be asked or required to disclose certain information during the course of the lawsuit captioned *Concord Energy LLC v. Hellervik Oilfield Technologies LLC*, Case No. 4:21-cv-00328 (the "Lawsuit") that is entitled to protection under Fed. R. Civ. P. 26(c).

2. "Confidential Information" means confidential and proprietary commercial information, trade secrets, confidential and proprietary technological and financial information, other such information in accordance with Fed. R. Civ. P. 26(c), and other information required by law or agreement to be kept confidential that a Party (the "Designating Party") furnishes to

another Party (the "Receiving Party") in the course of this Lawsuit and in good faith designates as Confidential Information pursuant to Paragraph 4 below.

3. The protections conferred by this Stipulation and Order cover not only material designated as Confidential Information (as defined above), but also (1) any information copied or extracted from materials designated as Confidential Information; (2) all copies, excerpts, summaries, or compilations of materials designated as Confidential Information; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential Information. However, the protections conferred by this Stipulation and Order do not cover: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as either (a) "CONFIDENTIAL" or (b) "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" ("the Designation"). "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" means CONFIDENTIAL information that the disclosing party reasonably and in good faith believes is so highly sensitive that its disclosure to an actual or alleged competitor could result in competitive or commercial disadvantage to the designating party.

4. Where Confidential Information is produced, provided, or otherwise disclosed by a Designating Party, it will be designated in the following manner:

a. by imprinting the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" on each page of any transcript or document produced that contains such Confidential Information;

b. by imprinting the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" next to or above any response to a discovery request; and

c. for information produced in some form other than documentary and for any other tangible items, the Designating Party will affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY".

5. An inadvertent failure to designate Confidential Information or items does not, standing alone, waive the Producing Party's right to secure protection under this Order for such material. If a Party inadvertently discloses Confidential Information without the proper designation, the Party may substitute the inadvertently disclosed information with properly designated Confidential Information. The Receiving Party shall within ten (10) business days of receipt attempt to retrieve and destroy all previously disclosed or obtained copies of the Confidential Information.

6. Parties receiving Confidential Information may disclose it only to the following recipients (the "Recipients"):

a. any person who was the author, addressee, or intended or authorized recipient of the Confidential Information;

b. outside attorneys of record for the Parties, and members and employees of law firms of record who are involved in the prosecution or defense of this Lawsuit;

c. in-house attorneys and their legal departments, non-retained experts, Party representatives, owners, or employees who have a reasonable need to see the information for the purpose of litigating the Lawsuit; and (2) agrees in writing to be bound by the terms of this Order by signing the Acknowledgement attached hereto as Exhibit A;

d. a deponent or a witness during his or her deposition or testimony in this Lawsuit, but only on the following terms: (1) the Confidential Information may be shown to the deponent or the witness only during the deposition, examination, or testimony, and must be reasonably related to a legitimate line of questioning of the deponent or the witness given the deponent's or the witness's qualifications and knowledge; and (2) only the deponent or the witness, his or her counsel, and other authorized persons identified in this Paragraph 6 are present at the deposition;

e. outside experts, consultants, and mediators retained by the Parties for the purpose of assisting in this Lawsuit, including their staff whose review of the Confidential Information is reasonably necessary to assist in the prosecution or defense of this Lawsuit, and who agree in writing to be bound by the terms of this Order by signing the Acknowledgement attached hereto as Exhibit A;

f. privately retained court reporters, videographers, or transcribers performing work in this Lawsuit who agree in writing to be bound by the terms of this Order by signing the Acknowledgement attached hereto as Exhibit A;

g. any person to whom the parties agree in writing; or

h. the Court and the Court's personnel.

7. Parties or Recipients receiving Confidential Information shall:

a. hold the Confidential Information contained therein in strict confidence;

b. not disclose the Confidential Information except as permitted under this Order;

c. use the Confidential Information only in the prosecution, defense, or settlement of this Lawsuit; and

d. maintain the Confidential Information in a manner reasonably designed to prevent its unauthorized disclosure.

8. For Protected Material designated HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 6(a-b) and (e-h); the individuals listed in paragraphs 6(c-d) shall have no access to such Protected Materials unless otherwise provided for in this Order.

9. Recipients of Confidential Information described in Paragraphs 6(a)-(h) shall be advised of the terms of this Order, receive a copy of this Order, and agree to be bound by the Order's terms and to submit to the jurisdiction of this Court.

10. Under no circumstances shall any person allow anyone who is not a Recipient to have access to the Confidential Information. Access for purposes of this Order includes any facilitation, receipt, disclosure, or the actual transmission of the Confidential Information contained therein in tangible or intangible, full or summary form, including thoughts, impressions, conclusions, characterizations, or commentary on the Confidential Information, orally or in writing, as well as the failure to take reasonable precautions to prevent accidental disclosure of the Confidential Information in full or summary form.

11. A Party may challenge the designation by providing written notice to counsel for the Designating Party of the documents being challenged and the basis for the challenge. If the Designating Party does not agree to withdraw the designation, the challenge may be raised in a discovery hearing before the Court. The Parties agree to meet and confer to try to resolve the dispute before presenting the dispute to the Court. The Designating Party bears the burden of justifying the "CONFIDENTIAL" designation. The Court is empowered to determine whether the "CONFIDENTIAL" designation applies. The "CONFIDENTIAL" designation shall be maintained until the Court issues a ruling, orally or in writing.

12. If the Confidential Information is to be discussed or disclosed during a deposition, the Designating Party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed, any person not authorized under this Order to receive the Confidential Information. Prior to the discussion or disclosure of Confidential Information, the Party planning to use the Confidential Information shall inform the Designating Party of its intention to the extent there are persons present at the deposition that are not authorized to see the Confidential Information. All deposition testimony discussing the substance of the Confidential Information shall be deemed and designated as CONFIDENTIAL on the record by the Parties or within twenty-one (21) days of receipt of the deposition transcript by written notice to counsel. The portions of the deposition transcript so designated shall not be utilized or disclosed by the Parties except in accordance with the terms of this Order.

13. If Confidential Information is to be referenced in or filed as attachments to motions or other submissions to the Court, all documents containing Confidential Information shall be designated as CONFIDENTIAL and filed under seal (i.e. in such a way that only the Parties and the Court can access the Confidential Information).

14. If any Party receives a subpoena or document request from a non-party to this Order seeking production or other disclosure of Confidential Information, the Party upon whom discovery is served shall give written notice to counsel for the Designating Party within five (5) business days, enclosing a copy of the subpoena or document request. Subject to the duty to comply with such subpoena or document request, no production or disclosure of the Confidential Information shall be made until counsel for the Designating Party has received a reasonable opportunity to consider or respond to the subpoena or document request.

15. Nothing contained in this Order shall prevent the disclosure of the Confidential Information by:

    a. the Designating Party of its Confidential Information; or

    b. Court order, after notice to the Parties.

16. Nothing contained in this Order shall constitute a waiver:

    a. by any person or Party of any right to object or to seek a further protective order with respect to any discovery request in this Lawsuit or any other action; or

    b. of any claim of immunity or privilege with regard to any testimony or production request.

17. Within sixty (60) days after the conclusion of this Lawsuit (including any appeals), each Party shall either return all Confidential Information to the Designating Party or destroy all reasonably accessible materials in its possession that have been designated as Confidential Information. This paragraph shall not be construed to require the return or destruction of any documents or materials that by law must be maintained for tax or business record-keeping purposes, Court papers or exhibits, deposition transcripts or exhibits, regularly maintained litigation files, or other attorney work product created for any Party. Any material designated as

Confidential Information, or portions or excerpts thereof, which are not destroyed or returned pursuant to this paragraph, shall remain subject to the terms of this Order. Additionally, any Party who disclosed the Confidential Information to any Recipient pursuant to Paragraph 6 above shall direct the Recipient to destroy the Confidential Information and any and all copies or portions thereof in the Recipient's possession, custody, or control.

18. After termination of this Lawsuit, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the Parties and Recipients of the Confidential Information for enforcement of the provisions of this Order following termination of this Lawsuit.

19. If a Party inadvertently discloses information that is privileged or otherwise immune from discovery, the Party disclosing such information (the "Producing Party") shall promptly upon discovery of such disclosure so advise the Party receiving such information (the "Receiving Party") in writing and request that the item or items of information be returned, and no Party to this action shall hereafter assert that such disclosure waived any privilege or immunity. If any Receiving Party recognizes that any Producing Party may have inadvertently produced such protected information, it shall notify the Producing Party promptly. It is further agreed that the Receiving Party will make every reasonable effort to return or destroy such inadvertently produced item or items of information, and all copies thereof, within ten (10) days of receiving a written request for the return or destruction of such item or items of information. Absent court order or agreement of the parties to the contrary, no use shall be made of such documents during deposition, at trial, or in any filing or motion, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them. Nothing in this Order shall be constructed to require the production of any information, document, or thing that a Party contends is protected

from disclosure by the attorney-client privilege and/or the work product doctrine. The Receiving Party, having returned or destroyed such inadvertently produced item or items of information, may thereafter seek production of any such documents, things, or information in accordance with the Federal Rules of Civil Procedure subject to the Producing Party's assertion of privilege or immunity. The parties agree, pursuant to Federal Rule of Evidence 502(b), that any inadvertent disclosure of privileged information or items does not operate as a waiver.

20. Any Party learning that, by inadvertence or otherwise, he or she has disclosed Confidential Information to any person or in any circumstance not authorized under this Order shall immediately:

    a. notify the Designating Party of the unauthorized disclosure;

    b. request for the retrieve or recall the unauthorized copies of the Confidential Information;

    c. inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

    d. request such person or persons to execute the Acknowledgement attached hereto as Exhibit A.

21. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

22. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

23. Any Person who is requested or required to sign the Acknowledgement attached hereto as Exhibit A under the provisions of this Order may sign the Acknowledgement electronically. Any copy of such an electronically-signed Acknowledgement may be treated as an original for purposes of this Order.

Dated: May 14, 2021

_____
District Judge

Agreed and Approved by:

*s/ Mark Champoux*
Attorney for Plaintiff Concord Energy LLC

*s/ Samuel Davis*
Attorney for Defendant Hellervik Oilfield Technologies LLC

# EXHIBIT A

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER

I, _____, declare and say that the following statements are true and correct:

1. My address is:

   _____

2. My present occupation or job description is:

   _____

   _____

3. I have read the Stipulated Protective Order attached hereto, I understand its terms and meanings, and I agree to be bound by it.

4. I agree that my signature below submits me to the jurisdiction of the United States District Court for the Southern District of Texas in which the action of *Concord Energy LLC v. Hellervik Oilfield Technologies LLC*, Case No. 4:21-cv-00328, is pending, and binds me to the provisions of the Stipulated Protective Order, including all promises undertaken in the Order, as if originally agreed by me.

I declare under penalty of perjury under the laws of the state where executed that the foregoing is true and correct.

This _____ day of _____, 2021,

in the State of _____.

                                                                                   _____
                                                                                    Signature